UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE FRANCISCO JOSE PASCUAL,

Petitioner,

v. Case No.: 2:26-cv-02875-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER,

Respondent.
_______________________________/

**OPINION AND ORDER**

Before the Court are Jose Francisco Jose Pascual's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).

Jose Pascual is a native of Guatemala who entered the United States without inspection on August 14, 2011. He has no criminal history. On August 15, 2026, Border Patrol agents arrested Jose Pascual during a traffic stop. On September 17, 2026, Immigration Judge Frank Pimentel denied bond with this order:

> Flight risk – Respondent has not filed any relief applications despite his allegation that he has been present in the United States for 16 years.

(Doc. 4-1 at 9). Jose Pascual apparently does have an application for relief, but Judge Pimentel declined to consider it:

> Following what appears to be a common but abusive practice in this Court, and rather than appealing an adverse bond decision, Respondent seeks a second bond hearing based on alleged "change in circumstances."

> Respondent could have filed the relief application he now relies on prior to his bond redetermination hearing, but he failed to do so. This was a strategic decision. Accordingly, a second motion for bond redetermination is not warranted.

(Doc. 4-1 at 11).

Jose Pascual claims his detention violates the Fifth Amendment because the bond hearing did not involve an individualized assessment of the relevant evidence. In response, the government points to 8 U.S.C. § 1226(e), a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. The Court acknowledges the limits imposed by § 1226(e)—it cannot reweigh evidence or otherwise review Judge Pimentel's discretion. But Jose Pascual also recognizes that limitation and makes it clear he is challenging the process undergirding his detention, not Judge Pimentel's discretion.

The government also argues Jose Pascual failed to exhaust administrative remedies because he did not appeal the bond denial to the Board of Immigration Appeals. That would be the appropriate means of seeking review of Judge Pimentel's discretionary bond decision, but exhaustion is not required here because the immigration courts cannot consider Jose Pascual's constitutional claim. *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 867 (11th Cir. 2018).

Because Jose Pascual's due process claim presents a live controversy and falls within the Court's habeas jurisdiction, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). In the adjudicative context, due process "requires that the decisionmaker actually considers the evidence and argument that a party presents." *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) (citing *Morgan v. United States*, 298 U.S. 468, 481 (1936)); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom

from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, ignored an important aspect of the issue, or offered an explanation that contradicts the evidence before it." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

The evidence before the Court demonstrates that Judge Pimentel denied bond based on a presumption that noncitizens without pending applications for immigration relief must be detained. There is no apparent legal basis for such a presumption, so it is understandable that Jose Pascual and his immigration counsel failed to anticipate it. When Jose Pascual demonstrated that he did in fact have a pending application for relief, Judge Pimentel refused to consider it. The bond orders do not reflect an individualized assessment of the relevant facts aimed at determining if Jose Pascual is a flight risk or a danger to the community. An immigration court "denies due process to an alien when it acts as a mere rubber-stamp." *Abdulai*, 239 F.3d at 549-50 (internal quotation marks and citation omitted). That is what occurred here. As a result, Jose Pascual's detention violates his right to due process.

Accordingly, it is hereby

**ORDERED**:

Jose Francisco Jose Pascual's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Jose Pascual and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 5, 2026.

Sheri Polster Chappell

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

SA: FTMP-1
Copies: All Parties or Record